```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**SIDNEY LEE STANLEY,**

    **Plaintiff,**

**v.**                                    **CASE NO. 2:09-cv-00821**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

    This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint, filed November 16, 2009. (Docket # 8.) The parties have responded (# 13) and replied (# 14), making the matter ripe for decision.

    In his Motion, Defendant asserts that Plaintiff's case should be dismissed because Plaintiff did not file this action in a timely manner. Plaintiff asserts that equitable tolling applies in this

case and should excuse the Plaintiff's late filing. In reply, Defendant asserts that Plaintiff's response to the Motion was untimely, and that Plaintiff has not shown good cause for instituting this civil action two days late.

The court proposes that the presiding District Judge make the following findings of fact in this matter:

1. On February 27, 2007, Plaintiff filed an application for DIB and SSI, which ultimately was denied by an Administrative Law Judge. (# 9, pp. 7, 15.)

2. On May 11, 2009, the Appeals Council denied Plaintiff's request for review. (# 9, p. 16.)

3. On May 11, 2009, the Appeals Council mailed its denial notice to Plaintiff at Post Office Box 42, Dry Branch, West Virginia 25061. (# 9, p. 16.) 4. The denial notice informed Plaintiff of his right to file a civil action within sixty days of receipt of the notice and that if he required more time, he could request an extension from the Appeals Council. (# 9, p. 17.)

5. The denial notice stated that the Appeals Council would assume Plaintiff received a copy of the notice within five days of the date of the notice. (# 9, p. 17.)

6. Plaintiff's civil action was due to be filed in this court on or before Wednesday, July 15, 2009.

7. Plaintiff filed the instant action on Friday, July 17, 2009. (Docket # 2.)

2

8.   Plaintiff did not request additional time from the Appeals Council for filing his complaint in federal court.

9.  During the time that Plaintiff's complaint was due, Plaintiff's counsel experienced personnel issues with the paralegal responsible for filing this action in federal court.  (# 13, p. 1.)

10.  The paralegal was distraught over various health issues and, without explanation, stopped coming to work.  (# 13, p. 1.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2007).  Under the regulation, the 60-day period starts when notice is received by the claimant.  The regulations also create a rebuttable presumption

that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2007). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

The filing requirement of § 405(g) is not jurisdictional. Bowen v. City of New York, 476 U.S. 467, 478-79 (1986). Instead, it is a statute of limitations subject to equitable tolling. Id. In Bowen, the Supreme Court held that equitable tolling applies "[w]here the government's secretive conduct prevents plaintiffs from knowing of a violation of right ...." Id. at 481 (citations omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating that tolling of statute of limitations is appropriate where party was tricked or deceived by adversary's misconduct or where filing was timely but defective); Hyatt v. Heckler 807 F.2d 376, 380-81 (4th Cir. 1986) (finding that tolling is warranted in light of Secretary's secretive policy of nonacquiescence with the law of circuit). In Irwin, the Supreme Court directed that a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he or she has been pursuing his or her rights diligently; and (2) that some

4

extraordinary circumstance stood in his or her way.  Irwin, 498 U.S. at 96.

The court proposes that the presiding District Judge find that although Plaintiff did not file his complaint on time pursuant to 42 U.S.C. § 405(g) and the applicable regulation, equitable tolling should apply.  Plaintiff's complaint was only two days late, and Plaintiff's counsel offers a reasonable explanation as to why the complaint was not filed earlier.  Plaintiff's counsel consistently files social security cases before this court in a timely manner, and Plaintiff's late filing in this instance was due to unforseen circumstances related to counsel for Plaintiff's employee.

Defendant asserts that Plaintiff's response to the motion was late, which is true.  However, Plaintiff's counsel had verbally requested extensions from the court (in addition to the one requested via written motion (## 11, 12)), which were requested in some instances due to weather, and the court verbally granted such motions.

Plaintiff has met his burden of establishing that he was pursuing his rights diligently and that extraordinary circumstances stood in his way.  Plaintiff's complaint was only two days late, and the court considers counsel for Plaintiff's personnel issue to be an extraordinary circumstance.  As such, the court proposes that the presiding District Judge find that equitable tolling applies in this matter, thus excusing Plaintiff's late filing of the

complaint.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge DENY the Defendant's Motion to Dismiss Plaintiff's Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable David A. Faber.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

March 22, 2010
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge