IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SIDNEY LEE STANLEY,

    Plaintiff,

v.                                  Civil Action No: 2:09-cv-0821

MICHAEL J. ASTRUE,

Social Security Commissioner,

    Defendant

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

    This action is seeking review of the final decision of the Commissioner of Social Security, who denied the Plaintiff's application for disability insurance benefits and supplemental security income, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  By Standing Order, this case was referred to United States Magistrate Judge Mary E. Stanley to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On March 22, 2010, Magistrate Judge Stanley issued her Proposed Findings & Recommendation ("PF&R") in this matter.  Judge Stanley recommended that the court apply the doctrine of equitable tolling in this matter, to excuse Plaintiff's late filing of the

1

Complaint.  Under 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three mailing days, from the date of the filing of the PF&R to file objections.  On April 6, 2010, the Defendant filed objections to the PF&R, arguing that equitable tolling should not apply in this case.  (Doc. No. 16).

## II.  Background

The Plaintiff, Sidney Lee Stanley, filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 27, 2007, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  This application was denied by an administrative law judge.  (PF&R at p. 2).  On May 11, 2009, the Appeals Council denied Plaintiff's request for review. Id.  The Appeals Council mailed its denial notice to Plaintiff.  The notice informed the Plaintiff of his right to file a civil action within sixty days of receipt of the notice and that if he required more time, he could request an extension from the Appeals Council. Id.

The Plaintiff did not request additional time from the Appeals Council for filing his civil action in federal court. Id. at 3.  The Plaintiff's civil action was due to be filed in this court on or before Wednesday, July 15, 2009.  Id. at 2. The instant action was filed on Friday, July 17, 2009, two days after the deadline.  Id.

2

In the time period leading up to July 15, 2009, Plaintiff's counsel experienced personnel problems with the paralegal who was responsible for filing this action in federal action. Id. at 3. The paralegal was apparently distraught over health issues and, without explanation, stopped coming to work. Id. at 3. As a result, the complaint was two days late and no attempt was made to request an extension.

### III. Analysis

#### a. Judicial Review

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority to allow for further time, the Commissioner promulgated 20 C.F.R. § 422.210(c)(2007). Under this regulation, the 60-day period starts when notice is

3

received by the Plaintiff. The regulation also creates a rebuttable presumption that the Plaintiff receives the notice five days after the date of the notice. Id. A Plaintiff can rebut the presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. Id. If the Plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to establish that the Plaintiff received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 783 F.2d 79, 81 (2d Cir. 1984).

### b. Equitable tolling of § 405(g)

The Supreme Court has held that § 405(g) is a statute of limitations subject to equitable tolling. Bowen v. City of New York, 476 U.S. 467, 481 (1986)(holding that equitable tolling applies where the government's "secretive conduct prevents plaintiffs from knowing of a violation of right."). Equitable tolling has also been applied in cases where a party was tricked or deceived by an adversary's misconduct, where filing was timely but defective. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). The Fourth Circuit has approved of equitable tolling where the Secretary of Health and Human Services had a secretive policy of nonacquiesence with the law of the circuit. Hyatt v. Heckler, 807 F.2d 376, 380-81 (4th Cir. 1986).

The Supreme Court directed that a litigant seeking equitable tolling must establish two elements: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way. Irwin, 498 U.S. at 96.

Magistrate Judge Stanley found that the Plaintiff has met his burden under Irwin, establishing that he was pursuing his rights diligently and that extraordinary circumstances stood in his way. PF&R at pg. 5. Magistrate Judge Stanley points to the fact that the complaint was only two days late, and the fact that Plaintiff's counsel had unforeseen personnel issues. Magistrate Judge Stanley recommends that equitable tolling be applied.

### c. The Defendant's Objection

The Defendant argues that Magistrate Judge Stanley erred in recommending that equitable tolling be applied, and contends that the case involves "little more than a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). According to the Commissioner, application of equitable tolling is inappropriate in the case at bar because Plaintiff's attorney should have had business practices in place to ensure that deadlines are met, and the failure to do so is attorney neglect. (Doc. No. 16, at pg. 2). Additionally, the Commissioner finds fault with the fact that the Magistrate Judge

5

considered the facts that Plaintiff's counsel consistently files in a timely manner, and was only two days late in this filing. (Doc. No. 16, at pg. 3). The Defendant argues that the only appropriate fact under the Irwin inquiry is that the circumstances surrounding the late filing were unforeseen, and that this is not extraordinary under the Irwin analysis.

However, the Defendant cites no precedent for the proposition that the Magistrate Judge should not consider the Plaintiff's attorney's past practices, or the length of time of the late filing, and this Court can find none. Instead, these facts are relevant to both prongs under Irwin; first, the fact that the action was filed only two days late shows that the Plaintiff was diligently pursuing his claims, and second, that Plaintiff's counsel consistently files in a timely manner shows that the events surrounding this filing, the paralegal and personnel trouble of the Plaintiff's counsel, were in fact extraordinary circumstances. The Plaintiff has met the burden required under Irwin, and as such, equitable tolling will apply to the Plaintiff's civil action.

For the reasons set forth above, the court **OVERRULES** the Defendant's objection to Magistrate Judge Stanley's Proposed Findings and Recommendation. Accordingly, the court adopts her Proposed Findings and Recommendation and the Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED.**

6

The Clerk is directed to forward a copy of this Memorandum Opinion and Order counsel of record and unrepresented parties.

**IT IS SO ORDERED** on this 1st day of December, 2011.

    ENTER:

    */s/ David A. Faber*

    David A. Faber
    Senior United States District Judge